Form 2

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

Willie Ray Whorton

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Oklahoma City Housing Authority
OCHA

Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. CIV-26-3222-G
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

FILED
NOV 06 2026
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY WR, DEPUTY

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Willie Ray Whorton |
| Street Address | 913 NW 12th Street |
| City and County | OKC OK |
| State and Zip Code | Oklahoma 73106 |
| Telephone Number | 405 400-6516 |
| E-mail Address | WillieR.W.9024@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Oklahoma City Housing Authority |
| Job or Title *(if known)* | |
| Street Address | 1700 NE 4th street |
| City and County | OKC Ok |
| State and Zip Code | Oklahoma 73117 |
| Telephone Number | 405 239 7551 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. 28 USC 1331 42 USC 1983

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ________________, is a citizen of the State of *(name)* ________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ________________, is incorporated under the laws of the State of *(name)* ________________, and has its principal place of business in the State of *(name)* ________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ________________, is a citizen of the State of *(name)* ________________. Or is a citizen of *(foreign nation)* ________________.

b. If the defendant is a corporation

The defendant, *(name)* ____________________, is incorporated under the laws of the State of *(name)* ____________________, and has its principal place of business in the State of *(name)* ____________________. Or is incorporated under the laws of *(foreign nation)* ____________________, and has its principal place of business in *(name)* ____________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Attached

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Injunction
Compensatory Damages
Declaratory Relief
Any further Relief

Here is the Statement of Claim section from your refined complaint document, presented clearly:

I. STATEMENT OF CLAIM

A. Environmental Hazards and Severe Health Impact

* Plaintiff Willie Ray Wharton's residence at 913 NW 12th Street, Apt 304, suffers from severe, unaddressed environmental and structural hazards, including visible black mold blowing across the ceiling and heavy buildup around air vents and ventilation pathways.
* OCHA maintenance personnel (specifically including former maintenance worker Reuben) explicitly informed Plaintiff that management was only required to change air filters every six months, refusing proper remediation or filter replacements.
* The prolonged exposure to toxic mold and compromised ventilation, compounded by extreme administrative harassment and threat of unlawful homelessness, directly caused Plaintiff severe cardiac and respiratory distress, leading to multiple extended hospitalizations and medically documented heart, artery, and valve damage.

B. Unlawful Entries and Harassment

* Maintenance worker Reuben repeatedly subjected Plaintiff to unauthorized, warrantless entries. On multiple occasions, Reuben attempted to unlock and force entry into Plaintiff's apartment while Plaintiff was in bed, stating that only the presence of an interior security chain prevented him from entering. On another occasion when the chain was disengaged, Reuben directly entered the home unannounced.
* This pattern of unannounced, intrusive entries continued even after Reuben was transferred out and a new maintenance crew took over.
* Management frequently posted inspection notices but routinely failed to appear at stated times, catching Plaintiff off guard. Plaintiff has consistently maintained a clean apartment, has never failed an official inspection, and holds zero lease write-ups.

C. Financial Malpractice, Rent Rejection, and Eviction Retaliation

* Plaintiff's rent was originally under $500 per month under prior management (Miss Lisa). OCHA management abruptly inflated the alleged balance to nearly $5,000, enforcing a mandatory $350 monthly surcharge applied primarily to disputed back-charges rather than active monthly rent.
* Property managers Miss Gina and Miss Lisa systematically refused to accept regular monthly rent payments, demanding arbitrary lump sums while refusing smaller tenders or failing to provide receipts.
* When Plaintiff attempted to settle accounts at OCHA's main office on 4th Street by offering a full monthly paycheck in November, OCHA representative Lauren rejected the payment, demanded a lump sum of approximately $4,600, stated that any legal defense would fail, and ordered Plaintiff to vacate.
* OCHA subsequently issued a 30-day eviction notice based entirely on an inflated balance manufactured through OCHA's own systematic refusal of lawful payments.

D. Property Theft and Security Negligence

* Plaintiff suffered multiple thefts of personal property from the building's 6th-floor laundry room, including two computers/comforters and a full set of towels.
* Plaintiff promptly reported these thefts to management and requested a review of security camera footage covering the laundry room. Although

staff initially promised to investigate, upon follow-up days later, management claimed zero knowledge of the reports and refused to review cameras or recover the stolen property.

E. Witness Verification of Neighbor Compliance (Brandon Moore, Apt 306)

* Plaintiff provides firsthand eyewitness testimony establishing that neighbor Brandon Moore (Apt 306) and his dog, "Monster," strictly adhered to building rules. Whenever observed in common areas, including the 6th-floor laundry room, walkways, and near the clothing closet, Brandon Moore consistently kept Monster on a physical leash. OCHA management's assertions that the dog was unleased are entirely false.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WILLIE RAY WHORTON,<br><br>Plaintiff,<br><br>v.<br><br>OKLAHOMA CITY HOUSING AUTHORITY (OCHA),<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: CIV-26-3222-G<br>(To be assigned by the Clerk) |

**CIVIL COMPLAINT (PRO SE)**

## I. PARTIES

1. Plaintiff: Willie Ray Whorton, an individual residing at 913 NW 12th Street, Apt 304, Oklahoma City, OK 73106. Contact Phone: 405-408-1084. Contact Email: willie.r.w.0924@gmail.com.

2. Defendant: Oklahoma City Housing Authority (OCHA), a public housing provider operating in Oklahoma City, Oklahoma, with its main administrative office located at 1700 Northeast 4th Street, Oklahoma City, OK 73117.

## II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 1983 for violations of constitutional rights guaranteed under the Fourteenth Amendment of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant operates within this district and all acts, omissions, and events giving rise to these claims occurred in Oklahoma City, Oklahoma, within the Western District of Oklahoma.

## III. STATEMENT OF CLAIM (HOUSING GRIEVANCE NOTE)

5. Property & Housing Provider Information: Plaintiff resides at 913 NW 12th Street, Apt 304, Oklahoma City, OK 73106. Defendant Oklahoma City Housing Authority (OCHA) is the housing provider, located at 1700 Northeast 4th Street, Oklahoma City, OK 73117.

6. Background & Harassment by Management: Plaintiff has resided at the above address, facing ongoing issues with management and maintenance. It began with manager Miss Gina, who made false accusations and yelled at Plaintiff publicly, claiming a barred individual was entering Plaintiff's apartment, which was not true as they didn't enter the apartment. She also began refusing Plaintiff's monthly rent payments.

7. Payment Refusals & Management Turnover: Following Gina, manager Miss Lisa also refused Plaintiff's rent payments, demanding an amount Plaintiff could not afford while ignoring Plaintiff's other living expenses. During a communal meeting, Plaintiff addressed this with Frank Miller, who acknowledged Miss Lisa was refusing payments and assured Plaintiff it was taken care of, yet no documentation was provided. The building has seen numerous managers. Currently, Miss Simone is the manager.

8. Eviction Threat & Health Toll: Plaintiff was previously paying less than $500, but now is allegedly behind by nearly $5,000, with $350/month being charged toward back rent Plaintiff disputes. Plaintiff attempted to resolve this with Lauren at the main office on 4th Street, who demanded proof of refused payments—which Plaintiff cannot provide as no receipts were given when cash was rejected. Consequently, Plaintiff was issued a 30-day eviction notice. The extreme stress, anxiety, and environmental hazards in the apartment have severely impacted

Plaintiff's health, leading to multiple hospitalizations and diagnosed heart damage. Plaintiff is documenting everything to prevent being forced into homelessness due to these unaddressed conditions and administrative failures.

## IV. CAUSES OF ACTION

### COUNT I: Violation of 42 U.S.C. § 1983 (Fourteenth Amendment Due Process)

9. Defendant OCHA acted under color of state law to deprive Plaintiff of constitutionally protected property rights in public housing without due process of law by arbitrarily rejecting lawful rent tenders, imposing unverified rent arrears, and issuing a 30-day eviction notice without adequate documentation or administrative process.

### COUNT II: Breach of Statutory Warranty of Habitability (41 O.S. § 118)

10. Defendant breached its statutory obligations as a residential housing provider by failing to remediate unaddressed environmental hazards in the apartment, directly causing extreme stress, physical suffering, and severe health deterioration resulting in hospitalizations and diagnosed heart damage.

### COUNT III: Breach of Covenant of Quiet Enjoyment & Constructive Eviction (41 O.S. § 128)

11. Defendant's systemic administrative failures, ongoing manager turnover, unaddressed hazards, harassment, and improper rent refusals severely interfered with Plaintiff's peaceful possession and enjoyment of the premises.

## V. RELIEF SOUGHT

12. Issue a preliminary and permanent injunction setting aside the 30-day eviction notice and prohibiting Defendant from enforcing arbitrary or unverified rent arrears.

13. Award compensatory and actual damages for medical injuries, physical and emotional suffering, and financial harm caused by Defendant's actions and administrative failures.

14. Grant any further legal or equitable relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Willie Ray Whorton, Pro Se
913 NW 12th Street, Apt 304
Oklahoma City, OK 73106
~~Phone: 405-408-1084~~ WRW (405) 400-6516
Email: willie.r.w.0924@gmail.com

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/6/2026

Signature of Plaintiff: Willie Whorton

Printed Name of Plaintiff: Willie Ray Whorton

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Street Address ____________

State and Zip Code ____________

Telephone Number ____________

E-mail Address ____________